■ JAMES M. SPECTOR, as Temporary Receiver of Remedial Education, Inc., Respondent, v NATHAN LEMLER, Appellant.—Order, Supreme Court, New York County, entered on May 7, 1974, denying defendant's motion to dismiss the complaint herein and to vacate a warrant of attachment, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. A valid cause of action is set forth in the complaint of the plaintiff-receiver and no grounds have been set forth sufficient to justify a vacatur of the warrant of attachment. It is clear that the complaint seeks to hold the defendant liable for his conversion of corporate funds to his own personal use. Concur—Markewich, J. P., Kupferman, Silverman, Capozzoli and Lane, JJ.

■ DAVID GARAY, an Infant by His Father and Natural Guardian, et al., v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, Bronx County, after a jury trial, entered March 7, 1975, unanimously affirmed without costs and without disbursements. The infant plaintiff regrettably was struck on the head by an object while walking past 572 Eagle Avenue in The Bronx. The corporate owner of the building was not served with process in this action, and making it a party would probably have been futile in view of the seeming lack of assets. A verdict was returned in favor of the defendant City of New York. Its relationship to the building was solely pursuant to emergency measures with respect to oil burner repairs and its right to levy on the building's rent from tenants for reimbursement for such expenditures. (Administrative Code of City of New York, § D26-59.11.) In view of its lack of control, it was not error for the Trial Judge to exclude any testimony with respect to the city's notice of the alleged unsafe condition. A verdict was returned against the codefendant Feldzamen individually, the action against him as receiver having been discontinued prior to the jury receiving the case. He was not actually appointed receiver until after the accident, although the application was previously pending, and there is no proof that he had any control over the premises before the accident, he being only a second mortgagee. Accordingly, the Trial Judge was correct in vacating and setting aside the verdict and dismissing the complaint against him. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Lane, JJ.